UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVONNA L. PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:13-cv-553-SEB-TAB |
| ) | |
| CAROLYN W. COLVIN Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

The parties appeared by counsel February 25, 2014, for an oral argument on Plaintiff's claim for disability benefits. Set forth below is the Court's oral ruling from the bench following that argument. As set forth below, the Magistrate Judge recommends that the ALJ's decision be affirmed, and that judgment be entered against the Plaintiff and in favor of the Defendant. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

THE COURT: Okay. I will now give you my recommended decision in this case. I appreciate the argument of counsel, as well as the briefs that were filed in this case, which raise four issues on appeal.

First, whether the ALJ erred in failing to summon a medical advisor, specifically a psychologist; second, whether substantial evidence supports the ALJ's finding that the plaintiff

was not disabled; third, whether the ALJ's credibility determination is contrary to Social Security Ruling 96-7P and thus patently erroneous; and, fourth, whether substantial evidence supports the ALJ's finding at Step Five that Plaintiff could perform jobs in the national economy.

This case has a lengthy procedural history, which I'll briefly set forth. Plaintiff filed for supplemental Social Security -- excuse me, supplemental security income and disability insurance benefits in February of 2004, claiming that her disability began on January 5th, 2004. An ALJ found her not to be disabled on August 2nd, 2007. The Appeals Council vacated the denial and remanded the case to the same ALJ for another hearing.

On the remand, her application was denied, which the Appeals Council affirmed. The district court then remanded the case pursuant to the stipulation of the parties. The most recent hearing took place on October 6, 2010.

In an April 8, 2011, decision, the ALJ found Plaintiff not to be disabled before February 13, 2011. Beginning February 13, 2011, the ALJ found that Plaintiff's age category changed and found Plaintiff disabled as of that date. In considering the issues presented, the Court notes that it is the Court's role to uphold the ALJ's decision if substantial evidence supports the ALJ's findings. *Blakes*, B-l-a-k-e-s, *v. Barnhart*, B-a-r-n-h-a-r-t, 331 F.3d 565 at 568, Seventh Circuit, 2003.

Plaintiff first argues that the ALJ erred in failing to summon a medical advisor to determine whether the claimant's -- the claimant's multiple combined impairments medically equaled any listing or impairment before February 13, 2011. The decision on whether to summon a medical advisor is left to the judgment of the ALJ if he believes he lacks sufficient information and it is necessary to obtain expert opinions to adequately develop the record. *Clifford v. Apfel*, A-p-f-e-l, 227 F.3d 863 at 873, Seventh Circuit, 2000.

2

Here the ALJ adequately developed the record without the need to summon a medical advisor. The ALJ discussed a variety of evidence, including Plaintiff's consistent intact thought processes and judgment -- that's in the record at 463 through 464 -- her socially appropriate manners, her ability to use public transportation, to shop, handle money, and her statement that her impairments were primarily physical, not mental. That's in the record at 456 through 457.

An April 2008 psychological exam noted by the ALJ observed Plaintiff's activities of daily living were limited by her physical impairments, but not by a mental one. It's in the record at 456 and also at 264.

Moreover, the ALJ found the plaintiff did not meet the medical listings for degenerative joint disease of the lumbar spine because there was no compromise of nerve root or the spinal cord; no spinal stenosis; only slightly limited ranges of motion in her lumbar spine; and no significant and persistent neurological abnormalities. That's in the record at 455 and 459.

Medical evidence from 2002 through 2008 showed that the plaintiff had mild osteoarthritis of the knee and no instability of the knees, so she failed to meet a listing. That's in the record at 458 through 459.

Overall, substantial evidence supports the ALJ's medical listings finding and his decision not to summon a medical advisor.

The more significantly interesting issue raised by this appeal relates to the interaction of Social Security Ruling 83-20 and the medical vocational guidelines, also known as the grid. Plaintiff argues that the ALJ erred in applying the grid instead of Social Security Ruling 83-20 in making his disability onset determination. The parties take very polar opposite views with respect to the application of the grid and the Social Security ruling.

In my view, Social Security Ruling 83-20 is not relevant in this case. Where an individual is determined to be disabled, Social Security Ruling 83-20 explains the relevant evidence to be considered when establishing the onset date of disability. Here the ALJ did not find Plaintiff was disabled, so he didn't need to use Social Security Ruling 83-20 to then determine an appropriate disability onset date. The ALJ did not find that Plaintiff was disabled until February 13, 2011, and therefore it was not erroneous to disregard Social Security Ruling 83-20.

Now, alternatively, the plaintiff argues that the ALJ based his disability onset determination solely upon her age, date of birth, and the medical vocational guidelines.

At Step Five, the ALJ used the grid in determining Plaintiff's disability determination with the "younger person." That's the under-50 category. According to the ALJ, there was no evidence in the record of "progressively more vocational adversity to support the use of a higher age category" before February 13, 2011. That's in the record at page 467.

Under the rules of the grid, Plaintiff was not disabled. The ALJ, however, noted that the grid provided merely a framework for his determination because Plaintiff had additional non-exertional limitations. As a result, the ALJ consulted with a vocational expert to determine Plaintiff's capabilities.

The VE considered Plaintiff's RFC determination, age, education, and work experience. That's in the record at 598. The ALJ deferred to the vocational expert to determine whether jobs existed in the national economy for the plaintiff. The vocational expert found that jobs existed in the national economy that Plaintiff could perform given her exertional and non-exertional limitations.

4

When Plaintiff turned 50 on February 13, 2011, she met the criteria under grid rule 201.12 because she was closely approaching advanced age, had a high school education or more, and her past relevant work was unskilled. This resulted in a disability finding and ended the required analysis for exertional and non-exertional limitations. And some substantial evidence shows that the ALJ relied on more than just the plaintiff's age, date of birth, and the grid in making his disability onset determination.

Plaintiff next argues that the ALJ's credibility determination is patently wrong and focuses on essentially one sentence of the ALJ's decision in which the ALJ states, "After careful consideration of the evidence, I find that the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment." That's in the plaintiff's brief, docket number 21 at page 30.

Plaintiff argues that the ALJ did not articulate any legitimate reason for her credibility decision or explain why all of the objective medical evidence did not support the claimant's complaints of disabling pain. However, the plaintiff ignores the ALJ's remaining analysis that provides substantial evidence to support his finding that Plaintiff was not credible.

Specifically, the ALJ considered the location, duration, frequency, intensity, and other matters descriptive of the claimant's pain and other symptoms. He considered Plaintiff's subjective complaints from 2004 through 2010 and her testimony at the hearing, as set forth in his opinion at page 461. The ALJ highlighted that, "In June 2010, the claimant had no complaints aside from edema and no back pain or pain in extremities was indicated." In the record at 461.

5

The ALJ found that Plaintiff's "complaints of back pain have lessened in frequency and severity during the period under review, and there were few complaints of significant pain in the claimant's knees." In the record at 462.

The ALJ discounted Plaintiff's allegation of upper extremities, finding the allegations were not supported by the evidence. The ALJ found that medical evidence failed to document ongoing subjective complaints. And Plaintiff's daily activities, including performing household chores, playing games, and using a computer screen were inconsistent with her allegations. That's in the record at pages 462 and 464. Thus, in my view, the ALJ's credibility determination was not patently wrong.

Finally, Plaintiff argues that the ALJ's determination at Step Five, that Plaintiff could perform jobs in the national economy, is not supported by substantial evidence. Plaintiff claims that the ALJ ignored Plaintiff's multiple mental impairments and erroneously relied on the grid. As discussed, the ALJ did not err in his use of the grid. He properly deferred to the VE's testimony given her non-exertional limitations in determining her capacity for sedentary work. His determination at Step Five is supported by substantial evidence.

So, for these reasons, I find that the ALJ's decision is supported by substantial evidence and should be affirmed. As such, I will recommend Plaintiff's motion in support of his -- in support of her appeal should be denied. And the period for the objections to that recommendation will run from the date that this transcript is filed. Thank you very much.

Dated: 3/10/2014

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Brian J. Alesia
OFFICE OF REGIONAL CHIEF COUNSEL FOR SOCIAL SECURITY
brian.alesia@ssa.gov

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov