UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVONNA L. PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 1:13-cv-00553-SEB-TAB |
| CAROLYN W. COLVIN, ) | |
| ) | |
| Defendant. ) | |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This case is before the court for review of the final decision of Defendant Commissioner of Social Security ("Commissioner") denying Plaintiff Davonna L. Patterson's February 19, 2004 application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1382(c)(a)(3), and her March 11, 2004 application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §423(d), which claimed a disability onset date of January 5, 2004. R. at 452. The Magistrate Judge issued his report and recommendation on March 3, 2014, to which Plaintiff has interposed a single objection. We therefore have before us for review those matters as well.

This case has a long and somewhat convoluted procedural history. An Administrative Law Judge found Plaintiff to be not disabled on August 2, 2007. R. at 45–50 . The Appeals Council vacated the denial and remanded the case to the same ALJ for another hearing on December 31, 2007. R. at 39–41. On remand, Plaintiff's application was again denied on March 26, 2009, R. at 12–22, and the Appeals Council affirmed on October 2, 2009. R. at 7–9.

Thereafter, the district court remanded the case pursuant to the stipulation of the parties on May 18, 2010. R. at 481–483. In an April 8, 2011 decision, a new ALJ ruled that Plaintiff was not disabled prior to February 13, 2011, but became disabled by virtue of her background, residual functional capacity ("RFC"), and age pursuant to Rules 201.27, 201.21, and 201.12 of the Medical-Vocational Rules ("the Grid"). R. at 452–469. This decision was based on a finding that Plaintiff's age category changed on February 13, 2011, and therefore she was disabled as of that date, entitling her to SSI benefits thereafter. *Id.* However, Plaintiff was not entitled to DIB benefits because she was not disabled prior to her date last insured of March 31, 2009. R. at 452, 467–68.

Following the denial by the Appeals Council of Plaintiff's request for review on February 2, 2013, the decision became final, and Plaintiff sought judicial review under 42 U.S.C. §405(g). This case was referred to Magistrate Judge Baker, who on March 3, 2014 issued a Report and Recommendation that the Commissioner's decision be upheld because it was supported by substantial evidence. This cause is now before us on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.

**Standard of Review**

The Court reviews the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or was the result of an error of law. *Rice v. Barnhart*, 384 F. 3d 363, 368–369 (7th Cir. 2004); *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari*, 270 F. 3d 1171, 1176 (7th Cir. 2001). In reviewing the ALJ's decision, the Court does not "reweigh evidence, resolve conflicts, decides questions of credibility, or substitute [our] own judgment for that of the Commissioner." *Lopez*,

336 F. 3d at 539. The Court's review is to ensure that the ALJ's decision is based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F. 3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tuminaro v. Astrue*, 671 F 3d. 629, 632 (7th Cir. 2011).

When a party raises specific objections to the elements of a magistrates judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or is the result of an error of law. Fed. R. Civ. Pro 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which a timely objection has not been raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F 3d. 752, 759–761 (7th Cir. 2009).

## **Discussion**

Plaintiff interposes a single objection to the Report and Recommendation.[1] She alleges that Magistrate Judge Baker erred in affirming the ALJ's finding that she became disabled on February 13, 2011, pursuant to the Medical-Vocational Guidelines. Pl.'s Objections 1–6. More specifically, Plaintiff alleges Magistrate Judge Baker erred in ruling that Social Security Ruling 83-20 was not relevant in determining the claimant's disability onset date. *Id.*

---

[1] Plaintiff initially raised other objections to the ALJ decision; however, she waived all arguments not raised in her objections to the Report and Reccomendation. *See Wright v. United States*, 139 F 3d. 551, 553 (7th Cir. 1998). As such, the court may defer to the conclusions of the report and recommendation to which timely objections have not been raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F 3d. 752, 759–761 (7th Cir. 2011).

It is true that when an ALJ finds a claimant to be disabled, Social Security Ruling 83–20 "SSR 83–20") sets forth criteria relevant to establishing the onset disability date; ALJs must adhere to SSR 83–20's requirements in making that determination. *See Lichter v. Bowen*, 814 F.2d 430, 434–35 (7th Cir. 1987) Under SSR 83–20, the ALJ is to consider three factors in determining the disability onset date: the applicant's allegations, work history, and medical and other evidence. *Id.*

In this case, however, the ALJ did not hold based on the medical evidence that Plaintiff was disabled. R. at 458–66. Rather, the ALJ found that, since January 5, 2004, Plaintiff has had "a residual functional capacity to perform a wide range of sedentary work." R. at 458. This assessment reflected the opinion of the consultative examiner Dr. Arthur Lorber, as well as the objective medical record, the objective clinical evidence, Plaintiff's medical history and her testimony. R. at 458–466. The ALJ stated: "…(C)laimant was not disabled prior to February 13, 2011, but became disabled on that date and has continued to be disabled through the date of this decision. The claimant was not disabled under a disability within the meaning of the Social Security Act at any time through March 31, 2009, the date last insured." R. at 453. The ALJ explained that this was true because, on February 13, 2011, Plaintiff's age category shifted from being a younger individual age 45–49 to being an individual closely approaching advanced age 50–55. R. at 467. Thus, there was no need to apply SSR 83–20 in establishing the appropriate onset date. *See Eihstadt v. Astrue*, 534 F.3d 663, 666–68 (7th Cir. 2008) ("With no finding of disability, there was no need to determine an onset date.").

Accordingly, it is Social Security Ruling 83–14 ("SSR 83–14") that is applicable to the facts of this case—not SSR 83–20. Ruling SSR 83–14 provides the framework for evaluating a combination of external and non-exertional impairments within the Medical and Vocational

Rules ("the Grid"). Utilizing that framework, the ALJ found that Plaintiff could perform only a restricted range of sedentary work because of her non-exertional impairments, describing her residual functional capacity as follows:

> [S]itting for eight hours in a work day, two hours at a time; standing or walking for up to thirty minutes at one time, standing and/or walking for a total of up to four hours during an eight hour workday; lifting a maximum of ten pounds occasionally and lesser weights frequently; frequently reaching, pushing, and pulling bimanually; continuously handling, fingering, and feeling; no more than occasional use of bilateral foot controls; occasional stooping crouching, and climbing; no climbing ladders, ropes, or scaffolds; no balancing, kneeling, or crawling; no work a unprotected heights; no more than occasionally driving or working around moving mechanical parts; no vibrating tools; no exposure to extremes of humidity or wetness; and not more than superficial interaction with general public or coworkers.

R. at 458. The vocational expert testified that prior to February 13, 2011, an individual with the Plaintiff's age, education, work experience, and RFC "would have been able to perform the requirements of representative occupations such as: assembler with 1,300 jobs in Indiana; hand packer with 500 jobs in Indiana; and inspector with 400 jobs in Indiana." R. at 468. However, pursuant to SSR 83–14, Rule 201.12 of the Medical-Vocational Guidelines, a finding of disability as of February 13, 2011 was required, given the ALJ's RFC finding for sedentary work, Plaintiff's work background, and the fact that she turned 50 years old on that date. R. at 467–68. In other words, the ALJ applied the Grids in determining that Plaintiff, whose RFC was otherwise consistent with a finding of no disability, had become disabled upon turning 50.

In an attempt to support her argument that the ALJ improperly failed to follow SSR 83–20, Plaintiff cites several cases which hold that, under SSR 83–20 procedures, an ALJ must not fail to call a medical advisor when appropriate to determine a disability onset date. *See e.g., Lichter v. Bowen*, 814 F.2d 430, 434–35 (7th Cir. 1987); *Campbell v. Chater*, 932 F. Supp. 1072

(N.D. Ill. 1996); *Dutka v. Apfel*, 1999 WL 202910 at *4–5 (N.D. Ill. Mar. 31, 1999). This argument misapprehends the function of SSR 83–20, which is to guide the ALJs in determining an onset date after the claimant is found disabled. Where, as here, there is no preexisting disability finding, SSR 83–20 is inapposite. The claimed error by the ALJ is without merit, which is consistent with the Magistrate Judge's Report and Recommendation.

**Conclusion**

Because the ALJ found that prior to February 13, 2011 Plaintiff was not disabled, and that the Social Security Ruling 83–14 and Rule 201.12 of the Medical-Vocational Guidelines directed a finding of disability only after Plaintiff turned 50 years of age on February 13, 2011— the requirements of Social Security Ruling 83–20 are irrelevant to this case. Accordingly, Plaintiff's objections to the Magistrate Judge's well-reasoned Report are OVERRULED, and we ADOPT the recommendations set forth in the Magistrate Judge's Report and Recommendation. Judgment shall enter consistent with these determinations.

IT IS SO ORDERED.

Date: 06/03/2014

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Brian J. Alesia
OFFICE OF REGIONAL CHIEF COUNSEL FOR SOCIAL SECURITY
brian.alesia@ssa.gov

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov